Filed 9/11/24  Yaya v. SC Medical CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| PETER N. YAYA, | B330912 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 22CHCV00124) |
| v. | |
| SC MEDICAL, INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stephen P. Pfahler, Judge.  Affirmed.

Peter N. Yaya, in pro. per., for Plaintiff and Appellant.

Cole Pedroza, Kenneth R. Pedroza, Alysia B. Carroll; Carroll, Kelly, Trotter & Franzen, Michael J. Trotter and Michael Edward deCoster for Defendant and Respondent.

Peter N. Yaya (appellant) appeals from a judgment entered after the trial court granted judgment on the pleadings pursuant to Code of Civil Procedure section 438 on appellant's claims against respondent SC Medical, Inc., doing business as AFC Urgent Care of Valencia (AFC). We affirm.

## FACTUAL BACKGROUND

Appellant's first amended complaint alleges on or about December 21, 2021, appellant entered AFC's facility in Valencia, California, seeking medical treatment. Appellant has a deviated septum, which "is an impairment that substantially limits one or more major life activity, including the functions of the respiratory system." When appellant entered the facility, he was asked by the receptionist if he had a face mask. Appellant responded he has a disability and is unable to wear one. The receptionist asked appellant to fill out intake paperwork and then wait outside. Appellant complied.

After a while the receptionist called appellant's cell phone and told him in order to reenter the facility appellant was required to wear a face mask as a condition of being seen for treatment. Appellant disconnected the call and reentered the facility without a face mask. He asked to speak to the facility office manager.

The facility office manager, Alexandra Martinez, told appellant it was company policy for all patients to wear a face mask. Appellant responded the policy was in violation of Civil Code section 51 and several other state and federal laws. Martinez repeated AFC's policy of requiring all patients to wear face masks. Appellant asked that his paperwork be returned, his

personal information deleted, and then left the facility without receiving treatment.

## PROCEDURAL HISTORY

On February 24, 2022, appellant filed the initial complaint in this matter against AFC.  On April 1, 2022, AFC filed an answer, and on October 24, 2022, AFC filed a motion for judgment on the pleadings.  The hearing was scheduled for November 17, 2022.

On November 3, 2022, before the hearing on AFC's motion for judgment on the pleadings, appellant filed the operative first amended complaint without leave of court.  On November 8, 2022, appellant filed opposition to AFC's motion for judgment on the pleadings.  Appellant also filed a "doe amendment" correcting AFC's title and adding Martinez as a named defendant.  Causes of action for violation of Civil Code section 51 (Unruh Civil Rights Act); slander per se in violation of Civil Code section 46, subdivision (2); violation of the Patient's Bill of Rights, California Code of Regulations, title 22, section 72527, subdivision (a)(4); and intentional infliction of emotional distress were included.

AFC filed a reply in support of its motion on February 1, 2023.  The motion was heard on February 7, 2023.  After considering the moving papers and oral argument, the trial court determined the filing of the first amended complaint prior to the hearing on AFC's motion "constitute[d] a concession to the merits of the motion" challenging the original complaint.  The court granted AFC's motion without prejudice and deemed appellant's first amended complaint filed as of November 3, 2022.

On March 14, 2023, AFC filed a motion for judgment on the pleadings as to appellant's first amended complaint.  AFC took

the position it was immune from liability for appellant's claims under the Public Readiness and Emergency Preparedness Act (PREP Act) (42 U.S.C. § 247d-6d). Further, AFC argued that even if it were not immune under the PREP Act, it was entitled to judgment on the pleadings because appellant failed to plead facts sufficient to support any of his causes of action.

Appellant filed an opposition to AFC's motion for judgment on the pleadings on March 28, 2023. AFC's reply was filed on April 4, 2023. The matter was heard on April 11, 2023.

After considering the papers and hearing oral argument, the trial court granted AFC's motion and issued a written ruling the same day. The court noted the operative complaint alleged appellant sought medical treatment on December 21, 2021, during a time when the Secretary of Health and Human Services had declared a public health emergency due to COVID-19. The time frame and COVID-19 emergency declaration were undisputed. The court found AFC was a covered person under the PREP Act, "engaging in defined countermeasures" thus "categorically and unequivocally" precluding any state or federal claims regardless of any claimed disability. Appellant provided no basis for any exception. Further, the court noted, even if appellant could state an exception to immunity, the trial court was an improper forum. Finally, the court noted, regardless of immunity, appellant's claims lacked merit. The court granted AFC's motion for judgment on the pleadings with prejudice.

On May 3, 2023, the court entered judgment in favor of AFC. Notice of entry of judgment was served the same date. Appellant filed his notice of appeal from the judgment on June 9, 2023.

## DISCUSSION

### I. Standard of review

A motion for judgment on the pleadings is "equivalent to a demurrer and is governed by the same standard of review." (*Mack v. State Bar* (2001) 92 Cal.App.4th 957, 961.) "All material facts which were properly pleaded are deemed true, but not contentions, deductions, or conclusions of fact or law." (*Ibid.*)

"If leave to amend was not granted, we determine whether the complaint states a cause of action and whether the defect can reasonably be cured by amendment." (*Mack v. State Bar, supra,* 92 Cal.App.4th at p. 961.) The appellant bears the burden of proof as to whether the pleading defect can be cured. (*Ibid.*) The trial court's denial of leave to amend is reviewed for abuse of discretion. (*Ludgate Ins. Co. v. Lockheed Martin Corp.* (2000) 82 Cal.App.4th 592, 602.)

### II. PREP Act immunity

Appellant first argues the trial court erred in applying PREP Act immunity to AFC's conduct.

#### A. *The PREP Act*

"'Congress passed the [PREP] Act in 2005 to encourage during times of crisis the "development and deployment of medical countermeasures" (such as diagnostics, treatments, and vaccines) by limiting legal liability relating to their administration.'" (*Hampton v. California* (9th Cir. 2023) 83 F.4th 754, 762 (*Hampton*).) "The statute offers 'covered person[s]' immunity 'from suit and liability' for claims 'caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure.'" (*Ibid.*; see 42 U.S.C. § 247d-6d(a)(1).) The immunity "'applies to any claim for loss that has a causal relationship with the administration to or

5

use by an individual of a covered countermeasure.'" (*Ibid.*; see 42 U.S.C. § 247d-6d(a)(2)(B).)

Immunity under the PREP Act lies dormant until the Secretary of Health and Human Services "makes a determination that a disease . . . constitutes a public health emergency" and "make[s] a declaration, through publication in the Federal Register," that the Act's immunity "is in effect." (42 U.S.C. 247d-6d(b)(1).)

On March 17, 2020, the Secretary of Health and Human Services issued a declaration that COVID-19 "constitutes a public health emergency" and "immunity as prescribed in the PREP Act" was in effect for the "manufacture, testing, development, distribution, administration, and use of" covered countermeasures. (Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed.Reg. 15198, 15201 (Mar. 17, 2020) (Declaration).) "Covered [c]ountermeasures" were broadly defined to include "any antiviral, any other drug, any biologic, any diagnostic, any other device, or any vaccine, used to treat, diagnose, cure, prevent, or mitigate COVID-19." (*Id.* at p. 15202.)

The sole exception to the immunity from suit is for "an exclusive Federal cause of action against a covered person for death or serious physical injury proximately caused by willful misconduct." (42 U.S.C. § 247d-6d(d)(1).) Any lawsuit for willful misconduct "shall be filed and maintained only in the United States District Court for the District of Columbia." (42 U.S.C. § 247d-6d(e)(1).) Thus, the PREP Act provides an exclusive, federal remedy in the Federal District Court for the District of Columbia for plaintiffs seeking to circumvent the immunity provided by the PREP Act.

6

**B.** *Application of the PREP Act to appellant's claims*

Appellant does not dispute that AFC is a "covered person" under the PREP Act. The statute specifically includes a licensed health professional or other individuals who are authorized to prescribe, administer, or dispense countermeasures under the law. (42 U.S.C. 247d-6d(i)(2)(B)(iii)-(iv).) Thus, AFC is covered under the PREP Act.

Appellant's claims are for loss under the PREP Act. The statute provides broad immunity to covered persons "with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure." (42 U.S.C. § 247d-6d(a)(1).) The term "loss" is defined as "any type of loss," including "death;  [¶] . . . physical, mental, or emotional injury, illness, disability . . . ; [¶]  . . . fear of physical, mental, or emotional injury, illness, disability, or condition, including any need for medical monitoring; and  [¶]  . . . loss of or damage to property, including business interruption loss." (42 U.S.C. § 247d-6d(a)(2)(A).) Appellant's claims of severe emotional distress and continued physical discomfort fall within the PREP Act's definition of loss. The statute provides no exception for civil rights violations, and appellant provides no binding legal authority suggesting such an exception exists.[1] We therefore reject appellant's suggestion that PREP Act immunity does not include civil rights violations.

---

[1]     Appellant's citation to two articles (*The Law and the Pandemic:  Civil Rights, the PREP Act, and Liability* by Bruce Adelson and *Public Readiness and Emergency Preparedness Act (PREP Act) Overview*, Oregon Health Authority) do not convince

Pursuant to the PREP Act, immunity applies to any claim for a loss that has a causal relationship with the administration or use of a covered countermeasure, including "a causal relationship with the design, development, clinical testing or investigation, manufacture, labeling, distribution, . . . promotion, sale, purchase, donation, dispensing, prescribing, administration, licensing, or use of such countermeasure." (42 U.S.C. 247d-6d(a)(2)(B).) Covered countermeasures under the PREP Act include devices authorized for emergency use and respiratory protective devices. (42 U.S.C. 247d-6d(i)(1).) AFC's face mask policy constituted the use of a covered countermeasure under the PREP Act.[2]

Appellant's claimed injuries were caused by the administration or use of covered countermeasures under the

us the PREP Act is inapplicable in this case, in that appellant's claims for civil rights violations fall squarely within the PREP Act's immunity.

[2]     *Hampton, supra*, 83 F.4th 754, relied upon by appellant, is distinguishable. In *Hampton*, the spouse of an inmate who died of COVID-19 after being transferred from one prison to another during the COVID-19 pandemic sued various state officials claiming violations of Hampton's constitutional and statutory rights. The plaintiff alleged that Hampton's death was caused at least in part by the defendants' failure to administer COVID tests to inmates prior to transferring them. (*Id.* at p. 763.) The Ninth Circuit held that PREP Act immunity did not apply, as "the PREP Act provides immunity only from claims that relate to 'the administration to or the use by an individual of' a covered countermeasure—not such a measure's *non*-administration or *non*-use." (*Ibid.*) Here, appellant is suing based on AFC's *use* of a covered countermeasure—enforcement of a mask policy at a medical facility engaged in COVID testing and treatment.

PREP Act.  The Secretary of Health and Human Service's March 2020 declaration defined the term "Administration of a Covered Countermeasure" to include "physical provision of a countermeasure to a recipient, . . . and to activities related to management and operation of programs and locations for providing countermeasures to recipients, such as decisions and actions involving security and queuing." (Declaration, section IX, 85 Fed.Reg. 15200.)  AFC's establishment and enforcement of its mask policy was part of the operation and management of its facility, therefore there is a causal relationship between appellant's claims for loss and AFC's administration or use of a covered countermeasure.  AFC is immune from appellant's claims under the PREP Act.

Appellant asserts AFC's actions failed to recognize the state's exemption from the mask mandate for those with a disability.  Appellant cites the November 16, 2020 California Department of Public Health "Guidance for the Use of Face Coverings," as well as the Los Angeles County Public Health "Mask Wearing Rules and Recommendations" as support for his argument that such policies provided exceptions for people with disabilities that prevent wearing face masks.  Appellant cites no authority suggesting that AFC, a private entity, was required to follow the referenced publications. To the extent appellant attempts to allege willful conduct falling outside the PREP Act, an action in the Federal District Court in the District of Columbia is his exclusive remedy.[3]  (42 U.S.C. § 247d-6d(c)(4), (e)(1)(5).)

---

[3]    Appellant cites *Saldana v. Glenhaven Healthcare LLC* (9th Cir. 2022) 27 F.4th 679 as support for his position that

9

## III.  Leave to amend

Appellant asserts the trial court should have granted him leave to amend.  However, he fails to support this contention by demonstrating how the complaint can be amended to state a cause of action.  (*Dey v. Continental Central Credit* (2008) 170 Cal.App.4th 721, 731 ["To show an abuse of discretion, "'the plaintiff must show how the complaint can be amended to state a cause of action.'""].)  Instead, appellant asserts the present matter has nothing to do with the PREP Act and his claims warrant adjudication as they are.  Appellant has failed to meet his burden of showing the trial court abused its discretion in denying appellant leave to amend.

---

jurisdiction in California state court is proper.  *Saldana* is not persuasive as it involved different claims.  The plaintiffs, relatives of a nursing home resident who allegedly died of COVID-19, brought claims of elder abuse, custodial negligence, and wrongful death against the care facility.  The defendant removed the case to federal court and appealed when the matter was remanded to state court.  The *Saldana* court found complete federal preemption was not a ground for federal jurisdiction, holding the PREP Act does not "completely preempt all state-law claims related to the pandemic." (*Saldana*, at p. 688.)  *Saldana* does not convince us that appellant's claims, which arise directly from AFC's use of a covered countermeasure, may be heard in state court.

**DISPOSITION**

The judgment is affirmed.  Respondent is awarded its costs of appeal.

_____

CHAVEZ, J.

We concur:

_____

LUI, P. J.

_____

ASHMANN-GERST, J.